UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN LARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV-12-K-3509-NE |
| | ) |
| TRINITY PHYSICIAN FINANCIAL & | ) |
| INSURANCE SERVICES, a foreign corporate | ) |
| entity, JOSEPH HONG, an individual, and "X", | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Trinity Physician Financial & Insurance Services and Joseph Hong, by and through their attorneys, Tressler LLP, hereby submit their Answer to Plaintiff's Complaint.

### I.     JURISDICTION

Title 28 U.S.C. § 1331 confers jurisdiction to this court over the claims asserted in this complaint.  The plaintiff asks his court to vindicate certain rights (monetary damages and injunctive relief) arising from the defendants' violations of a federal statute, the Telephone Consumer Protection Act of 1991, 47 U.S.C. 227 *et seq*., an amendment to the Communications Act of 1934, 47 U.S.C. § 151 *et seq*.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the above paragraph of Plaintiff's Complaint.

### II.     PARTIES

1.     The plaintiff, John Lary, is a citizen of the State of Alabama.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     The defendant Trinity Physician Financial & Insurance Services is a corporate entity organized under the laws of the State of California, entity number C3372346.

**ANSWER:** Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The defendant Joseph Hong is a citizen of the State of California and an owner and agent and employee of defendant, Trinity Physician Financial & Insurance Services. Defendant Joseph Hong and defendant Trinity Physician Financial & Insurance Services are both doing business in interstate commerce under the fictitious name Trinity Physician Insurance Services.

**ANSWER:** Defendants admit the first sentence and deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. The identity of defendant X is currently unknown; it will be provided to the court when plaintiff is able to ascertain it. Defendant X is a person or persons or entity or entities that materially participated in the violations complained of herein by the act of providing or supplying plaintiff's facsimile telephone number to one or more of the defendants named above.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

### III.   UNDERLYING FACTS

1. There is no established business relationship between the plaintiff and any of the defendants in this action.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. None of the defendants are a charity or charitable organization.

**ANSWER:** Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The plaintiff has never provided any of his telephone numbers or telephone facsimile machine numbers to any of the defendants.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. The plaintiff's has never voluntarily agreed to make his facsimile number available for public distribution to or through a directory, advertisement, or site on the Internet.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The plaintiff has never given any of the defendants any express invitation or permission or consent use the telephone system to place any telephone call to plaintiff or to any of plaintiff's telephone numbers or telephone facsimile machine numbers or to use a telephone facsimile machine, computer, or other device to transmit any unsolicited message or document or advertisement to plaintiff's telephone facsimile machine.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. The plaintiff is a medical physician, licensed by the State of Alabama for the practice of medicine. The plaintiff provides medical care at his medical service office and health care facility located in Madison County, Alabama.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The plaintiff has a telephone facsimile machine located in his medical service office and health care facility and has connected that telephone facsimile machine to his emergency telephone line number.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. None of the defendants have made application for a license under § 8-19A-5, Code of Alabama 1975 (Acts 1994, No. 94-650, p. 1220, § 5) and have thereby violated § 8-19A-5, Code of Alabama 1975.

**ANSWER:** Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

### IV.   FACTS ABOUT THE VIOLATIONS

1. On or about October 2, 2012, the defendants violated and conspired to violate 47 U.S.C. § 227(b)(1)(A)(i) by using or causing others to use an automatic telephone dialing system to make a call to plaintiff's emergency telephone line number to which plaintiff has connected his telephone facsimile machine.

**ANSWER:** Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.   On or about October 2, 2012, the defendants violated and conspired to violate 47 U.S.C. § 227(b)(1)(C) by using or causing others to use a telephone facsimile machine, computer, or other device to send or transmit material advertising the commercial availability or quality of property, goods, or services to plaintiff's telephone facsimile machine.

**ANSWER:** Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.   The defendants' violations of 47 U.S.C. § 227(b)91(A)(i) were made willfully.

**ANSWER:** Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.   The defendants' violations of 47 U.S.C. § 227(b)91(A)(i) were made knowingly.

**ANSWER:** Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.   The defendants' violations of 47 U.S.C. § 227(b)(1)(C) were made willfully.

**ANSWER:** Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.   The defendants' violations of 47 U.S.C. § 227(b)(1)(C) were made knowingly.

**ANSWER:** Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

### V.   DAMAGES

1.   Plaintiff has been damaged to the extent of $1,500 statutory damages on account of defendants' knowing or willful violation of 47 U.S.C. § 227(b)(1)(A)(i).

**ANSWER:** Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

    2.    Plaintiff has also been damaged to the extent of $1,500 statutory damages on account of defendants' knowing or willful violation of 47 U.S.C. § 227(b)(1)(C).

**ANSWER:** Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

    3.    Plaintiff is entitled to injunctive relief.

**ANSWER:** Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject matter jurisdiction over Plaintiff's claims.

2. This court lacks personal jurisdiction over Defendants.

3. Plaintiff's claims violate the California, Alabama and United States Constitutions' guarantee of freedom of speech.

4. Plaintiff's claims are barred by the doctrine of waiver.

5. Plaintiff's claim is barred by the doctrine of laches.

6. Plaintiff's claim is barred by the doctrine of estoppel.

7. Plaintiff has failed to state a claim upon which relief can be granted.

8. Plaintiff consented to receiving the subject faxes.

9. Plaintiff failed to mitigation any damages it incurred.

10. The TCPA's damages provision violates the due process clause of the California, Alabama and United States Constitutions.

11. The TCPA's prohibition on unsolicited fax advertisements violates the Free Speech clause of the California, Alabama and United States Constitutions.

12. The TCPA's distinction between commercial and non-commercial speech violates the Equal Protection Clause of the California, Alabama and United States Constitutions.

Defendants' investigation continues and Defendants expressly reserve the right to amend or assert additional or other affirmative defenses.

WHEREFORE, Defendants, Trinity Physician Financial & Insurance Services and Joseph Hong respectfully request that this Court enter judgment in their favor and against Plaintiff, and further that they be awarded their attorneys' fees, costs and such further relief as the Court deems just and proper.

## JURY DEMAND

Defendants demand trial by jury.

                    TRINITY PHYSICIAN FINANCIAL &
                    INSURANCE SERVICES and JOSEPH HONG

                    By:___/s/Peter S. Fruin_____
                         One of Their Attorneys

Peter S. Fruin (FRU002)
MAYNARD, COOPER & GALE, PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL  35203
Direct  205.254.1068
Fax 205.254.1999
pfruin@maynardcooper.com

James K. Borcia
TRESSLER LLP
233 South Wacker Drive
Chicago, IL 60606
(312) 627-4000
Fax:  (312) 627-1717
jborcia@tresslerllp.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN LARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV-12-K-3509-NE |
| | ) |
| TRINITY PHYSICIAN FINANCIAL & | ) |
| INSURANCE SERVICES, a foreign corporate | ) |
| entity, JOSEPH HONG, an individual, and "X", | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following and further that such will be e-mailed to the following:

        Mr. John Lary
        809 Jackland Drive Southeast
        Huntsville, AL  35802

        TRINITY PHYSICIAN FINANCIAL &
        INSURANCE SERVICES and JOSEPH HONG

        By:___/s/Peter S. Fruin_____
            One of Their Attorneys

| | |
|---|---|
| James K. Borcia | Peter S. Fruin (FRU002) |
| TRESSLER LLP | MAYNARD, COOPER & GALE, PC |
| 233 South Wacker Drive | 1901 Sixth Avenue North |
| Chicago, IL 60606 | 2400 Regions/Harbert Plaza |
| (312) 627-4000 | Birmingham, AL  35203 |
| Fax: (312) 627-1717 | Direct  205.254.1068 |
| jborcia@tresslerllp.com | Fax 205.254.1999 |
| | pfruin@maynardcooper.com |